IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ANTHONY A. WHITEHURST § | | |
|    FORMER REG. NO. 04938-078 § | | |
| § | | |
| VS. § | C.A. NO. C-06-150 | |
| § | | |
| DORIS JONES, ET AL. § | | |

### MEMORANDUM OPINION AND ORDER DENYING

### PLAINTIFF'S MOTION FOR JOINDER

Pending is plaintiff's "Motion for Joinder of Persons Needed for Just Adjudication" (D.E. 8), which is construed as a motion to amend original complaint. For the reasons stated herein, plaintiff's motion is denied.

### I. Background

Plaintiff filed suit on March 29, 2006, claiming that Doris Jones, a systems manager employed by the Bureau of Prisons ("BOP") at the Federal Correctional Institution at Three Rivers, Texas, intentionally refused to give him credit on his federal sentence in violation of his constitutional rights (D.E. 1).[1]  At an April 25, 2006, hearing, plaintiff stated that he was in the process of amending his complaint to name as additional defendants certain BOP personnel in Beaumont, Texas, whom he claims prevented him from pursuing his administrative remedies. In particular, plaintiff alleged that these officials were "complicit" with Ms. Jones and frustrated him

---

[1] Plaintiff is a former federal inmate, having been released from the BOP in February, 2006. He brings this lawsuit pursuant to Bvens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 398 (1971).

in pursuing his BP-9 through BP-12 administrative remedies such that he was unable to exhaust his administrative remedies and, as a result, could not file a § 2241 habeas corpus action challenging the administrative of his sentence. The Court advised plaintiff it was unlikely it would have jurisdiction over the Beaumont defendants or his claims against them.

On May 4, 2006, plaintiff filed his motion for joinder in which he seeks to add sixteen additional defendants that worked at the Federal Correctional Complex in Beaumont, Texas, as well as unknown John and Jane Doe defendants employed as administrative remedy coordinators in Dallas, Texas (D.E. 8).

## II. Discussion

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served ...". Determining when justice requires permission to amend rests within the discretion of the trial court. <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 401 U.S. 321, 330 (1971); <u>Nilsen v. City of Moss Point, Miss.</u>, 621 F.2d 117, 122 (5th Cir. 1980). In exercising its discretion in considering a motion to amend a complaint, the district court may consider, among other factors, undue delay, dilatory motive on the part of the movant, and undue prejudice to the opposing party by virtue of allowing the amendment. <u>Daves v. Payless Cashways, Inc.</u>, 661 F.2d 1022, 1024 (5th Cir. 1981).

As discussed with plaintiff at the April hearing, the Court lacks jurisdiction over the Beaumont defendants. Moreover, there is no allegation or facts in plaintiff's pleadings or testimony to suggest that the Beaumont defendants acted in concert with defendant Jones such that jurisdiction would be proper with this Court. Finally, by way of separate memorandum, it is recommended that plaintiff's claims against Ms. Jones be dismissed as barred by limitations. If that recommendation

is adopted, there will be no action pending in which plaintiff could raise his claims against the Beaumont defendants. Thus, for these reasons, plaintiff's motion to amend his complaint/for joinder (D.E. 8) is DENIED without prejudice to his bringing those claims in the proper jurisdiction and venue.

ORDERED this 7th day of July, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE